**LOCAL 274, HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES**

**v.**

**WESTIN BELLEVUE STRATFORD.**

Civ. A. No. 86–0558.

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1986.

Bernard N. Katz, Philadelphia, Pa., for plaintiffs.

David Girard-diCarlo, Ronald H. Surkin, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before this court is plaintiff Local 274, Hotel Employees and Restau-

rant Employees' motion for a temporary restraining order. Petitioner seeks to have this court restrain the defendant Westin Bellevue Stratford from closing its hotel and restaurant business in Philadelphia. Petitioner contends that the closing of defendant's business would be contrary to the contract between the union and defendant employer. Petitioner asserts that to permit defendant's business to close prior to arbitration proceedings would cause irreparable harm to the union members. Plaintiff petitioner has not requested a preliminary injunction. However, even if a preliminary injunction had been requested, it would have been denied for the same reasons that the temporary restraining order will be denied.

■ When a party comes into court seeking equitable relief, as in a temporary restraining order, the party must show that legal remedies are not adequate. Plaintiff here complains that jobs of union members, pursuant to the contract, may be lost permanently if defendant is permitted to close its doors. Plaintiff petitioner contends that the loss of jobs will be permanent even if the arbitrator subsequently decides that the defendant's action in terminating its business is in contravention of the contract. Petitioner contends that the jobs will be permanently lost because defendant intends to change the building presently housing the hotel and restaurant business.

■ It is my view that a loss of a job which is protected by a contract can be remedied by money damages. Although petitioner contends that senority rights and ancillary health and pension benefits will be lost, I view these as easily converted to monetary terms. The contract entered into between plaintiff petitioner and defendant has a financial value. If at some time it is found that defendant has breached its contract with plaintiff petitioner, damages rather than specific performance would be the appropriate remedy. Indeed, here if plaintiff petitioner prevails after arbitration and it is found that the defendants wrongfully closed the business, the union members could recover damages or back pay for the period of time between the closing and the arbitration panel's decision.

Plaintiff petitioner has argued that the holding in *Nursing Home & Hospital Union No. 434 AFL–CIO–LDIU v. Sky Vue Terrace, Inc.*, 759 F.2d 1094 (3d Cir.1985) commands that this court grant a temporary restraining order in its favor. I do not agree. In *Sky Vue Terrace* the union was faced with a situation where an employer sold its assets and subsequently sought to distribute the proceeds from the sale. *Sky Vue Terrace* is distinguishable from the matter here. In *Sky Vue Terrace* if the union had prevailed in its arbitration concerning its labor contract it would have had no means to collect its damages since the assets of the defendant employer were to have been distributed to the shareholders of defendant corporation. Here the plaintiff petitioner has not averred that defendant intends to dispose of its assets. Therefore, plaintiff will have a source to collect its legal damages if it prevails at some time in establishing that defendant breached its contract.

I find that equitable relief is not appropriate here where legal remedies are sufficient. Accordingly, plaintiff's petition for a temporary restraining order must be denied.